**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JON JEFFREY ABLES**                                                                   **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.: 4:18CV187-JMV**

**PELICIA HALL,
DR. GLORIA PERRY, and
WILLIE KNIGHTEN**                                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

On December 18, 2018, Jon Jeffrey Ables, an inmate housed at the Mississippi State Penitentiary ("MSP"), appeared before the Court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit. Plaintiff having consented to U.S. Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), the undersigned has the authority to enter this order.

**I. Plaintiff's Allegations**

Jon Ables alleges that in 2015, free-world physician Dr. Bradley ordered that Ables, an insulin-dependent diabetic, receive four daily Accu-Check readings and "sliding scale"[1] insulin therapy, along with meals and snacks appropriate for his condition. Ables states that MSP personnel refuse to follow Dr. Bradley's orders, claiming that they do not have the staff to

---

[1] From Ables' allegations, it appears that a "sliding scale" refers to an insulin dose based on blood sugar levels rather than a fixed dose.

perform the prescribed protocol. Instead, he alleges, the nurses draw a fixed insulin shot at MSP hospital and transport it to his unit for administration. He also maintains that, although he has been scheduled to receive a diabetic-friendly meal tray, he receives the same high-starch and high-sugar food as the other inmates. As a result, he claims, his blood sugar varies wildly throughout the day, causing problems with vision and numbness and pain in his lower extremities.

Ables also asserts that the nurses at MSP fail to follow a regular schedule, and that as a result of having to wait in his cell on nurses to arrive to administer his twice-daily shots, he has had to withdraw from seminary school due to excessive tardiness. Aggrieved, he filed the instant lawsuit, claiming that Defendants have violated his rights to adequate medical care and to the free exercise of his religion. Named as Defendants in this lawsuit are Commissioner Pelicia Hall, Dr. Gloria Perry, and MSP hospital manager, Willie Knighten.

## II. Discussion

Under the Eighth Amendment, prison officials have a duty to "ensure that inmates receive adequate . . . medical care." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Here, the Court finds that Ables cannot sustain a constitutional claim by demonstrating that MSP officials are failing to follow Dr. Bradley's orders, as a "doctor's failure to follow the advice of another doctor suggests nothing more than a difference in medical opinion" that will not support the finding of a constitutional violation. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (noting prison doctor did not follow local surgeon's recommendation that prisoner be transferred to another facility to receive physical therapy). However, Ables has alleged that he is an insulin-dependent diabetic who has been denied an appropriate diet, medicated with a fixed dose of insulin regardless of his blood-sugar

2

readings, and medicated on a wildly-fluctuating schedule with unrefrigerated insulin. Accordingly, while MSP's failure to follow Dr. Bradley's ordered protocol does not itself state a constitutional violation, Ables has alleged that the Defendants know of and are disregarding excessive risks to his health by following their current procedures. *See, e.g., Farmer*, 511 U.S. at 839 (holding officials violate Eighth Amendment by a knowing disregard of an excessive risk to inmate health or safety). Accordingly, the Court finds that process should issue against all Defendants for the alleged denial of adequate medical care.

The Court finds, however, that Ables has failed to state a claim for the violation of his First Amendment rights because he had to withdraw from seminary school. The Free Exercise Clause requires prisoners be afforded a "reasonable opportunity" to practice their religion. *See, e.g., Pedraza v. Meyers*, 919 F.2d 317, 320 (5th Cir. 1990). This does not include a right to an education, however, be it religious or secular. *See Burnette v. Phelps*, 621 F.Supp. 1157, 1159 (M.D. La. 1985) (holding prisons are not educational institutions; there is no federal constitutional right to participate in a prison educational program). Accordingly, this claim will be dismissed.

### III. Conclusion

For the reasons set forth above, process will issue against Pelicia Hall, Dr. Gloria Perry, and Willie Knighten for Ables' claim that he has been denied constitutionally adequate medical care. Plaintiff's First Amendment claim is **DISMISSED**.

**SO ORDERED** this the 21st day of December, 2018.

/s/ Jane M. Virden
**JANE M. VIRDEN**
**UNITED STATES MAGISTRATE JUDGE**