# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JON JEFFERY ABLES, #K7875**                                                   **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO. 4:18-CV-187-JMV**

**PELICIA HALL, ET AL.**                                                 **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court on the motion of Defendant Willie Knighten ("Defendant"), through counsel, for summary judgment for failure to exhaust administrative remedies. The court, having considered the pleadings, exhibits, and the applicable law, finds that the motion is well taken and should be granted, as required by 42 U.S.C. § 1997e(a) (2000).

*Background*

On September 10, 2018, Plaintiff Jon Jeffery Ables ("Plaintiff"),[1] filed this lawsuit, *pro se*, under 42 U.S.C. § 1983 against Pelicia Hall, "Commissioner of the Mississippi Department of Corrections" ("MDOC"), Dr. Gloria Perry, "Head Medical Doctor", and Willie Knighten, "Hospital Manager." Doc. #1 at 1-2. Plaintiff accuses all Defendants of acting with deliberate indifference to his serious medical needs due to his diabetic condition, in violation of his Eighth Amendment right to adequate medical care. Doc. #1; Doc. #3. Plaintiff seeks proper medical treatment, including an appropriate diet, $10 million in compensatory damages, and a transfer from Mississippi State Penitentiary to East Mississippi Correctional Facility.[2] Doc. #3 at 14.

---

[1] At all relevant times, Plaintiff incarcerated at Mississippi State Penitentiary. Doc. #44 at 2.
[2] In addition to his Eighth Amendment claim, Plaintiff also claims that that the Defendants have violated his right to the free exercise of his religion because, as a result of having to wait in his cell on nurses to arrive to administer his

1

On April 2, 2019, Defendant Knighten filed a motion for summary judgment alleging that Plaintiff failed to properly exhaust his administrative remedies before filing this lawsuit, as is required by Prison Litigation Reform Act ("PLRA").[3] 42 U.S.C. § 1997e(a)(2000); Doc. #43-

---

twice-daily shots, he has had to withdraw from seminary school due to excessive tardiness. Doc. #3 at 13. On December 18, 2018, this court held a *Spears* hearing to determine whether there exists a justiciable basis for Plaintiff's claim filed under 42 U.S.C. § 1983. The Court found that Ables failed to state a claim for the violation of his First Amendment rights stating, "[t]he Free Exercise Clause requires prisoners be afforded a "reasonable opportunity" to practice their religion. *See, e.g., Pedraza v. Meyers*, 919 F.2d 317, 320 (5th Cir. 1990). This does not include a right to an education, however, be it religious or secular. *See Burnette v. Phelps*, 621 F.Supp. 1157, 1159 (M.D. La. 1985) (holding prisons are not educational institutions; there is no federal constitutional right to participate in a prison educational program). Accordingly, this claim will be dismissed." Doc. #16. As such, only Plaintiff's Eighth Amendment claim is now before the court.

[3] In her summary judgement motion Defendant claims that Plaintiff has failed to exhaust administrative remedies for four "independent reasons": "First, Plaintiff failed to complete the two-step administrative procedure before initiating this lawsuit with respect to *any* of the five administrative grievances that he initiated—only four of which relate to his medical care. Second, Plaintiff did not identify Ms. Knighten in any of his administrative grievances. Third, Plaintiff did not identify the April 26, 2018, alleged incident that serves as the basis of this lawsuit in any of his administrative grievances. And, fourth, none of Plaintiff's medical-related grievances were timely—two predate the alleged April 26, 2018, incident and two were initiated more than 30 days after the alleged April 26, 2018, incident." Doc. #44 at 1.

The court finds ground one to be meritorious and sufficient grounds to grant the instant motion, as discussed in the instant opinion.

The court finds that ground two lacks merit. From the court's reading of the portion of MDOC's handbook presently before the court, there is no requirement that each defendant be named in an ARP request in order to exhaust properly the prison's grievance system. Doc. #44 at 5-6; *Johnson v. Johnson*, 385 F.3d 503, 516-22 (5th Cir. 2004)("In deciding how much detail is required in a given case … the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining. If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know—and a prisoner could ordinarily be expected to provide—details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter. In contrast, a grievance in which an inmate says that his cell is habitually infested with vermin, or that the prices in the commissary are too high, could adequately alert administrators to the problem whether or not the grievance names anyone. *Compare Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001) (holding that a grievance specifically complaining of a beating at the hands of one guard did not suffice to exhaust a failure-to-protect claim against another guard, not mentioned in the grievance, who stood by and watched), *with Brown v. Sikes,* 212 F.3d 1205, 1207–10 (11th Cir. 2000) (holding that a prisoner who knew only that he had not received prescribed medical equipment had exhausted his claim, notwithstanding that his grievance did not name anyone) … We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation."); *Patterson v. Stanley*, 547 F. App'x 510, 512 (5th Cir. 2013); *Scribner v. Linthicum*, 232 F. App'x 395, 397 (5th Cir. 2007); *Hinojosa v. Johnson*, 277 F. App'x 370, 380 (5th Cir. 2008).

The court finds that the third ground lacks merit as the Plaintiff describes in his ARP requests and in his complaint an ongoing grievance and not a single incident. In the court's view, the April 2018 episode was presented to the court as an example of the consequence Plaintiff allegedly suffers as the result of an ongoing grievance. Therefore, the court considers the Defendant's characterization of plaintiff's claim as a discrete incident to be inaccurate. Plaintiff's actual complaint, which he described in detail in almost every grievance, is an ongoing failure to properly treat his diabetic condition. As such, had Ables completed the two-step ARP process, he would have properly exhausted his claim

44. Specifically, Defendant's motion is supported by eleven exhibits, demonstrating Plaintiff's failure to complete the Administrative Remedy Program ("ARP") with regard to his claim against the Defendant. Doc. #43-44; Doc. #49 at 1.

On April 12, 2019, after retaining counsel, Plaintiff responded arguing that all Defendants were provided "fair notice" of his claims and grievances through the administrative process and have had "time and opportunity" to address these matters internally, falling short of alleging exhaustion. Doc. #47-48.[4]

On April 17, 2019, Defendant Knighten replied arguing, in sum, that "Plaintiff failed to produce or identify any documentary proof that Ms. Knighten was apprised of Plaintiff's claims against her before the initiation of this lawsuit; that any grievance was timely filed relating to the allegations underlying his claims…; or that he completed the two-step administrative grievance process…." Doc. #49 at 2. The court has considered the briefing and is prepared to rule.

---

notwithstanding this ground. *Johnson v. Johnson*, 385 F.3d 503, 516–17 (5th Cir. 2004).

The court finds that ground four lacks merit for reasons similar to those discussed above regarding ground three. As Plaintiff's complaint describes an ongoing grievance (due to his daily need for medical attention), and not a sole, discrete act, any related incidence of failure to provide adequate medical care that occurred *after* the filing of his initial grievance would have been timely exhausted. Therefore, had Plaintiff completed the prison's two-step process, his fully exhausted grievances regarding the alleged failure to properly treat his diabetic condition would have been timely. *Johnson,* 385 F.3d at 519, 520-21("Given the circumstances of this case and the nature of Johnson's complaint, we do not believe that he was required to file repeated grievances reminding the prison officials that he remained subject to attack in the general population. Johnson's grievances were sufficient to exhaust claims that arose from the same continuing failure to protect him from sexual assault."); *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778, 784 (E.D. Mich. 2008); *Siggers v. Campbell*, 652 F.3d 681, 692–93 (6th Cir. 2011)(discussing *Johnson*, 385 F.3d 503 and *Ellis*, 568 F. Supp.2d 778)("*Ellis* … deals with an ongoing medical condition and the claim that the state stood by and did nothing in the face of that ongoing condition. In such circumstances, determining when to apply the seven-day filing period can be difficult because there is not one discrete harm-causing act… [B]ecause the condition was ongoing, the grievance was timely for all claims that could be filed regarding the condition, not just those that occurred within the seven days prior to the filing of the grievance; so, for example, the claim that several nurses—whom the prisoner saw long before the seven-day window—conspired against the prisoner was timely because it stemmed from the ongoing condition.").

[4] Plaintiff also attempts to address the merits of this case which are not at issue here as plaintiff has not cleared the statutory hurdle of exhaustion.

*Undisputed Facts*

The following are the relevant facts alleged by Defendant and undisputed by Plaintiff:

> Plaintiff's institutional record contains five administrative complaints… Plaintiff filed two identical requests for emergency administrative relief on June 4 and June 9, 2018, respectively, consisting of letters addressed to Commissioner Hall. (Ex. H (MDOC-Ables-002626–28), Ex. I (MDOC-Ables-002630–32)). In these letters, Plaintiff complained that Dr. Perry and the "[C]enturion medical contractors" had been deliberately indifferent to his diabetic condition by refusing to check his blood sugar four times per day and administer insulin accordingly. (Exs. H, I). The Director of the ARP responded to Plaintiff's emergency requests, informing Plaintiff that his grievance did not meet the criteria for emergency review and instructing him to re-submit the complaint within five days "as a non-emergency issue." (Ex. J (MDOC-Ables-002625), Ex. K (MDOC-Ables-002629)). Plaintiff never re-submitted his complaint as instructed…

Doc. #44 at 2-3.

*Law and Analysis*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Bisby v. Garza*, 342 F. App'x 969, 970–71 (5th Cir. 2009). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Navarro v. City of San Juan, Tex.*, 624 F. App'x 174, 178 (5th Cir. 2015). If the nonmoving party fails to meet its burden, the motion for summary judgment must be granted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

According to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Defendant quoted the MDOC's ARP procedures as follows:

> The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident. The adjudicator screens the grievance and determines whether to accept it into the ARP process. If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. The Superintendent, Warden, or Community Corrections Director will then issue a final ruling, or Second Step Response—which completes the ARP process. If the inmate is unsatisfied with that response, he may file suit in state or federal court.

Doc. #44 at 5.

In support of her motion, Defendant produced Plaintiff's "institutional record" as exhibits.[5] Doc. # 44 at 2. Contained in the exhibits are ARP requests, handwritten and typed ARP requests, First Step response forms with corresponding receipts signed by the Plaintiff,[6] and Letters of Rejection regarding Emergency ARP requests made by Plaintiff. As Defendant alleges,

---

[5] Exhibit B is an ARP request dated March 23, 3014 alleging deliberate indifference to Plaintiff's medical needs as a "brittle diabetic." Doc. #44-2. Exhibit D is a First Step Response Form dated May 1, 2014 finding "no indifference to care" and an Inmate Receipt signed by the Plaintiff and dated May 6, 2014. Exhibit A is an ARP request dated November 22, 2017 requesting "paid transfer to E.M.C.F….[,] [a] private prison contractor cable of satisfying Ables medical needs…" Doc. #44-1. Exhibit C is a First Step Response Form dated December 8, 2017 informing Plaintiff that "offenders are reviewed and recommended to be rehomed [sic] to EMCF by the MDOC/ MSP Psych. Dept. Staff" and an Inmate Receipt signed by the Plaintiff and dated January 23, 2018. Doc. #44-3. Exhibit E is an ARP request dated May 22, 3018 attempting to appeal disciplinary action due to a cellphone found in Plaintiff's cell. Doc. #44-5. Exhibit H is an Emergency ARP dated June 4, 2018 alleging that, "Able has been denied of a medical order tailored to meet the needs Jon Ables medical serious needs." Doc. # 44-8. Exhibit I is an emergency ARP request dated June 9, 2018 that is identical to the Emergency ARP request found in Exhibit H. Doc. #44-9. Exhibit K is a letter from the ARP Director to Plaintiff dated June 12, 2108 informing Plaintiff that he does not find that Plaintiff's ARP request "meets the criteria for emergency review" and directing Plaintiff to file a regular ARP request. Doc. #44-11. Exhibit J is identical to Exhibit K excepting its date, June 18, 2018. Doc. # 44-10. Exhibit F is a First Step Response Form for RVRs dated October 2, 2018 the subject of which is unclear. Doc. #44-6. Exhibit G is an Inmate receipt dated October 13, 2018, signed by the Plaintiff acknowledging that he has received the First Step Response Form found in Exhibit F. Doc. # 44-7.

[6] Both the Response Form and the Inmate Receipt form make it clear that there are there is at least one further step to be completed. The Response form specifically states, "If you are not satisfied with this response, you may go to Step Two by checking the below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision." Mr. Ables signed the receipt attached to each response form but did not indicate, by "checking the box," that he was dissatisfied with the response and intended to proceed.

there is no record of a Second Step ARP form presently before the court. Therefore, the movant has met the initial burden of showing there is no genuine issue of material fact as to exhaustion. *See generally* Doc. #44-1 - 44-11.

Plaintiff has alleged in his preliminary fillings that he has exhausted the administrative remedies available to him before filing suit here. Doc. #1 at 2-3. However, he merely describes two denied Emergency ARP requests, both of which direct him to file a "regular ARP" within five days of receipt. Doc. #1; Doc. #4 at 25-26. Plaintiff does not allege that he thereafter filed a "regular ARP," as directed, or otherwise pursued these claims.[7] Plaintiff, instead, attempts to reduce the PLRA's exhaustion requirement to a mere inquiry *only* requiring the court to satisfy itself that prison officials were given "fair notice" and "time and opportunity" to address inmate grievances before finding that a plaintiff has successfully exhausted his claims. Doc. #48 at 1. However, the Fifth Circuit has made it clear that "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).[8]

Further, Plaintiff fails to designate specific facts or produce evidence that would conflict with Defendant's recitation of the facts and evidence in support of her motion. Plaintiff instead relies on unsubstantiated and conclusory assertions, failing to directly address the exhaustion

---

[7] This alone does not dispose of the issue, as plaintiff is not required to demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 211 (2007).
[8] The *Johnson* case is distinguishable as, contrary to the facts here, the Plaintiff completed the required two-step process as required by the prison grievance system. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004)("In addition to writing many administrative life-endangerment notices and letters, Johnson twice filed formal grievances on TDCJ-provided standard forms and pursued them through the two-step process just described."); *see also Neely v. Hawkins*, No. 18-30403, 2019 WL 1773129, at 1 (5th Cir. Apr. 22, 2019)("Our court takes "a 'strict' approach" to exhaustion and requires inmates "not just [to] substantially comply with the prison's grievance procedures, but ... [to] 'exhaust available remedies *properly*'[.]")(citations omitted).

requirement.[9] Specifically, the plaintiff does not attempt to either allege the existence of or to put forth evidence of a Second Step form or response that was left out of Defendant's exhibits comprising the plaintiff's "institutional record," to claim that defendant's description of the MDOC's ARP process is inaccurate, to claim that the record provided by the Defendant is incomplete, or to allege that he was unable to exhaust due to circumstances outside of his control.[10] Therefore, Plaintiff has not met his burden to produce evidence or designate specific facts showing the existence of a genuine issue for trial.

Having found no controversy here, the court can only conclude that there is no genuine dispute here as to whether Plaintiff has exhausted his claims against the Defendant, as required by the PLRA. Accordingly, Defendant Knighten is entitled to judgment as a matter of law.

*Conclusion*

According to the record before the court, Plaintiff has failed to exhaust his claims against the Defendant, as required by the PLRA. Therefore, Defendant's motion for summary judgment is hereby granted, and all claims against Defendant Knighten are hereby dismissed without prejudice.[11]

**SO ORDERED** this the 21st day of May, 2019.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[9] *Bisby v. Garza*, 342 F. App'x 969, 970–71 (5th Cir. 2009)("The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence").
[10] *Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016).
[11] *Ewing v. Sanford*, No. 1:16-CV-56-HSO, 2017 WL 2656028, at n.1 (S.D. Miss. June 20, 2017), *appeal dismissed*, No. 17-60482, 2017 WL 6759108 (5th Cir. Aug. 8, 2017)(dismissing plaintiff's claims without prejudice for failure to exhaust administrative remedies).